**In re Subpoenas of Bruce S. KAPLAN and Eric Seiler.**

**SNOW MACHINES INCORPORATED, Plaintiff,**

v.

**HEDCO, INC. and the Dewey Electronics Corporation, Defendants (Civil Action No. 85–3624 (HAA) United States District Court, District of New Jersey).**

**Misc. No. M8–85.**

United States District Court, S.D. New York.

April 30, 1986.

Lieberman, Rudolph & Nowak, New York City, for plaintiff; Mitchell A. Stein, Michael E. Marion, of counsel.

Friedman & Kaplan, New York City, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., for defendants; Edward A. Friedman, Lisa Gersh, New York City, of counsel.

WILLIAM C. CONNER, District Judge.

This is a miscellaneous proceeding arising out of a libel action bearing the same caption which is pending in the United States District Court for the District of New Jersey, Civil Action No. 85–3624 (HAA). In that action plaintiff, a manufacturer of snow-making equipment, charges defendant Hedco, a rival manufacturer, and its parent company, Dewey, with libel in connection with the publication of a two-page document entitled "Hedco Fact Sheet." The document was distributed to ski area operators who were prospective purchasers of snow-making equipment; it discussed two patent infringement actions which Hedco had brought against ski area operators using plaintiff's equipment and threatened additional litigation "against others who infringe its patents."

After learning that defendants' New York attorneys Bruce Kaplan and Eric Seiler participated in the drafting of the publication which is the subject of the libel claim, plaintiff obtained from this Court and served on them subpoenas directing them to appear for discovery depositions.

Defendants moved to quash the subpoenas on the ground of attorney-client privilege and the motion was heard by the Court in Part I on February 25, 1986. The Court denied the motion to quash, but indicated that questions seeking the substance of privileged communications need not be answered. When the depositions were taken on April 1, 1986, the witnesses refused to answer any questions relating to their legal representation of defendants, their role in drafting the challenged publication, or the textual changes that were made in successive drafts. Plaintiff has now moved for an order compelling answers to these questions.

The Court, having reviewed the transcript of the depositions and considered the briefs submitted by the parties concludes that the questions in dispute are reasonably calculated to lead to the discovery of admissible evidence and that there is no attorney-client privilege or work-product immunity which justifies the refusal to answer them.

The attorney-client privilege protects only communications made in confidence by a client to his attorney for the purpose of obtaining a legal opinion or the performance of a legal service and the legal advice or service rendered in confidence by the attorney. J. Wigmore, Evidence § 2292 (McNaughton Rev.1961). The work-product immunity shields only the thought processes of the attorney in connection with pending or anticipated litigation, and the tangible results thereof. L. McCormick, Evidence § 96 (2d ed. 1972).

The Hedco Fact Sheet was intended to be and was distributed to the trade. To the extent that defendants' attorneys participated in its authorship, they were acting not merely as attorneys but as businessmen assisting in a sales effort. Their contributions to the text of the document, like those of their client, were never intended to be confidential, but to be published. Thus, insofar as the deposition questions seek information as to the several drafts of the document which were prepared, and the changes made between successive drafts,

there can be no privilege. However, if there were, apart from the drafts themselves, confidential disclosures from the clients to the attorneys or confidential legal advice given by the attorneys to the clients, those would, of course, be privileged even if they related to the subject of the allegedly libelous document.

To be more specific, the witness Bruce Kaplan is directed to answer the questions beginning in the transcript of his deposition at page 6, lines 13 and 21; page 7, line 7; page 8, line 9; and page 11, line 21. The witness Eric Seiler is directed to answer the questions beginning in the transcript of his deposition at page 4, line 3; page 5, line 18; page 7, line 20; page 8, lines 3 and 16; page 11, line 3; page 14, line 19; page 17, line 18; page 18, line 14; page 19, lines 19 and 22; and page 23, line 15.

SO ORDERED.